UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ALEET RODRIGUEZ FERNANDEZ,

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-06776-DAD-SCR

ORDER GRANTING PETITIONER'S MOTION TO PROCEED *IN FORMA PAUPERIS* AND PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND MOTION FOR APPOINTMENT OF COUNSEL AS MOOT

(Doc. Nos. 1, 2, 3, 4)

On August 24, 2026, petitioner filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. No. 1.) That same day, petitioner filed a motion to proceed *in forma pauperis* (Doc. No. 2), a motion for a temporary restraining order ("TRO") (Doc. No. 3), and a motion for appointment of counsel. (Doc. No. 4.) On August 25, 2026, this court ordered respondent to file a response to petitioner's TRO motion and directed respondent to indicate whether it opposed this court from also ruling on the underlying habeas petition based on the briefing currently before it. (Doc. No. 6.) Respondent filed a response arguing that 8 U.S.C. § 1225(b) controlled petitioner's current immigration detention but also recognizing that 8 U.S.C. § 1226(a) governed petitioner's current detention under the Ninth Circuit's recent controlling

decision in *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160 (9th Cir. 2026). (Doc. No. 8.) Nonetheless, respondent contests petitioner's immediate release, arguing that the only process due to petitioner is a bond hearing before an immigration judge ("IJ"). (*Id.* at 1.) Respondent failed to state any opposition as to the court ruling on the pending petition based on the current briefing and the court will do so. For the following reasons, this court rejects respondent's argument that the only process due to petitioner is a custody re-determination hearing before an IJ and will order petitioner's immediate release from immigration custody.

The facts of this case are based on the parties' filings. Petitioner is a citizen of Mexico. (Doc. No. 1 at 6.) Petitioner entered this country on or about June 30, 2022. (*Id.;* Doc. No. 8-1 at 3.) Respondent includes petitioner's I-213 form which states that petitioner encountered immigration authorities upon entry. (Doc. No. 8-1 at 3.) It appears that petitioner was then released by immigration authorities. Petitioner was not re-detained by immigration authorities until on or about July 10, 2026, after a traffic stop by local authorities, then placed in immigration detention, where he remains to this day. (Doc. No. 1 at 6.)

In light of petitioner's previous release by immigration authorities and because petitioner bases his application for habeas relief at least in part on his due process rights, the court incorporates its reasoning set forth in *Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's detention without a pre-deprivation hearing following a prior release by immigration authorities violated a petitioner's due process rights. Accordingly, the court concludes that petitioner's detention under the circumstances summarized above likewise is in violation of due process. *See Villatoro v. Warden*, No. 1:26-cv-05411-DC-CKD, 2026 WL 2428059, at *3-4 (E.D. Cal. Aug. 19, 2026) (explaining that the absence of a pre-deprivation hearing warrants petitioner's immediate release), *findings and recommendations adopted by*, No. 1:26-cv-05411-DC-CKD, Doc. No. 13 (E.D. Cal. Aug. 31, 2026).

Thus, for the reasons explained above:

1. Petitioner's motion to proceed *in forma pauperis* (Doc. No. 2) is GRANTED;

/////

2. The pending petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

   a. Respondent is ORDERED to immediately release petitioner Jose Aleet Rodriguez Fernandez, A-File No. 240-465-155, from respondent's custody;

   b. Respondent is ENJOINED and RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without written notice and hearing before an immigration judge where respondents will have the burden of establishing that petitioner is either a flight risk or danger to the community by clear and convincing evidence;

3. Petitioner's motions for a temporary restraining order (Doc. No. 3) and for appointment of counsel (Doc. No. 4) are DENIED as having been rendered moot by this order granting his habeas petition on the merits;

4. The Clerk of the Court is directed to serve a copy of this order on the warden of the Central Valley Annex; and

5. The Clerk of the Court is also directed to ENTER judgment in favor of petitioner and to CLOSE this case.

IT IS SO ORDERED.

Dated: **September 2, 2026**

Dale A. Drozd

DALE A. DROZD
UNITED STATES DISTRICT JUDGE